1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8
9

## EASTERN DISTRICT OF CALIFORNIA

10

BUCHANAN TORRY,

CASE NO.   1:13-cv-00425-AWI-MJS (PC)

11

Plaintiff,

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

12

v.

13

(ECF No. 1)

FRANK X. CHAVEZ, et al.,

14

Defendants.

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

15
16

_____/

17
18

**SCREENING ORDER**

19

**I.     PROCEDURAL HISTORY**

20

On March 22, 2013, Plaintiff Buchanan Torry, a state prisoner proceeding pro se and

21

in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

22

His Complaint is now before the Court for screening.

23

**II.    SCREENING REQUIREMENT**

24
25

The Court is required to screen complaints brought by prisoners seeking relief

26

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.    **SUMMARY OF COMPLAINT**

The Complaint identifies the following Sierra Conservation Center (SCC) officials as Defendants: (1) Frank X. Chavez, Warden; (2) Jack St. Clair, M.D., Chief Medical Officer; and (3) John Krpan, M.D.

Plaintiff alleges the following:

On May 4, 2010, Plaintiff was being transported to a health care facility outside SCC when the traveling vehicle became involved in an accident.  Plaintiff was shackled and riding inside a cage. (Compl. at 7.)  A civilian ambulance and a SCC ambulance eventually arrived on the scene.  "Plaintiff was never acknowledged by either paramedics" and he was returned directly to his cell without a medical examination. (Compl. at 8.)

Plaintiff filed an inmate appeal regarding the denied medical care on August 9, 2010.

(Id. at , 14.)  According to the first level response, authored by Defendant St. Clair, Plaintiff was examined on May 4, 2010, by Defendant Krpan after the "minor fender-bender".  The first level response reports that Krpan conducted a thorough examination and diagnosed Plaintiff with a minor muscle strain that required no medication.  Defendant St. Clair also reported that Plaintiff received medical attention numerous times between May 4, 2010 and August 26, 2010.  (Id. at 19-23.)  Plaintiff alleges that Defendant St. Clair's statements are untrue; Plaintiff was not "provided any type of medical treatment, medical assistance, or a medical examination at the scene of the accident or after the accident . . . ."  (Id. at 8.)

Plaintiff asserts that the Defendants denied him medical treatment in violation of his Eighth Amendment rights.

## IV.    ANALYSIS

### A.    Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

3

Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.     Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint names Warden Chavez as a Defendant but fails to provide any factual allegations linking him to the violations alleged.  Plaintiff introduces Chavez as a Defendant by alleging that, as Warden, Chavez is responsible for ensuring that all inmates

receive constitutionally sufficient health care.  The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough.  A Defendant may only be held liable in a supervisory capacity if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff can not state a cognizable claim against Defendant Chavez without setting forth specific facts about his conduct that proximately caused a violation of Plaintiff's rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff has failed to link Defendant Chavez to the violations alleged.  The Court will provide an opportunity to amend.  In order to state a cognizable claim, Plaintiff must demonstrate that the Defendant personally took some action that violated Plaintiff's constitutional rights.

### C.    Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at

1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for a violation of the

Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named

defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ."

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that

a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

(citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in

diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment under the Eighth Amendment.  Medical malpractice does not become a

constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106;

see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to

serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 1.      Serious Medical Need

Plaintiff alleges that he was shackled inside a cage when the vehicle in which he

was traveling was involved in an accident.  Plaintiff does not allege that he was injured.  His

August 9, 2010, inmate appeal appears to concede that he does not know whether he was

injured or not.  (Compl. at 14.)  Instead, Plaintiff complains that he could have been injured

and that Defendants were unconcerned about whether he was or not.

Plaintiff has failed to allege a serious medical need and therefore can not state an

Eighth Amendment claim.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994)

1   ("serious" medical conditions are those a reasonable doctor would think worthy of

2   comment, those which significantly affect the prisoner's daily activities, and those which are

3   chronic and accompanied by substantial pain).

4                    2.      Deliberate Indifference

5       Even if the accident had left Plaintiff with a serious medical need, his allegations do

6

7   not reflect that any of the Defendants were deliberately indifferent to it.

8       Defendant St. Clair responded to Plaintiff's inmate appeal with a detailed description

9   of the medical care Plaintiff received after the accident.  St. Clair reported that Plaintiff was

10  examined by Defendant Krpan the day of the accident and that Krpan found no injury that

11
    required treatment.  Plaintiff asserts that he was not examined and St. Clair's version of the
12
    events are incorrect.  If, as Plaintiff alleges, Defendant Krpan did not examine Plaintiff, then
13
14  Plaintiff's claim against Krpan is based on the denial of medical care.  In that case, Plaintiff

15  must explain how Krpan acted with deliberate indifference, i.e., he must allege facts

16  demonstrating that Krpan "[knew] of and disregard[ed] an excessive risk to [Plaintiff's]

17  health . . . ."  Farmer, 511 U.S. at 837.  The Complaint also fails to allege that Defendant

18
    St. Clair acted with deliberate indifference.
19
        "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051,
20
21  1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of

22  the facts from which the inference could be drawn that a substantial risk of serious harm

23  exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511

24  U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the

25  official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id.

26
    (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).
27

Plaintiff alleges no facts indicating that St. Clair denied his inmate appeal with knowledge that the reported medical care was not actually provided.

Plaintiff will be given an opportunity to amend his Eighth Amendment claims against Defendants.  To state a cognizable claim Plaintiff must allege **facts** demonstrating that each Defendant knowingly disregarded an excessive risk to Plaintiff's health.  Farmer, 511 U.S. at 837.   Allegations that the Defendants were negligent in their treatment is insufficient.  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (mere negligence is not deliberate indifference).

## V.    **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 22, 2013;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.


Dated:   May 30, 2013                            /s/ Michael J. Seng
                                                 UNITED STATES MAGISTRATE JUDGE

9