1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TORRY BUCHANAN, | CASE NO. 1:13-cv-00425-AWI-MJS |
| 12          Plaintiff, | ORDER RECOMMENDING DISMISSAL WITH PREJUDICE |
| 13      v. | |
| 14  FRANK X. CHAVEZ, et al., | (ECF NO. 11) |
| 15          Defendants. | PLAINITFF'S OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |
| 16 | |

17

18                    **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

19

20          On March 22, 2013, Plaintiff Torry Buchanan, a state prisoner proceeding pro se

and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF

21

No. 1.)  On May 31, 2013, Plaintiff's Complaint was screened and dismissed, with leave

22

to amend, for failure to state a cognizable claim.  (ECF No. 8.)  Plaintiff's First Amended

23

Complaint (ECF No. 11) is now before the Court for screening.

24

**II.    SCREENING REQUIREMENT**

25

          The Court is required to screen complaints brought by prisoners seeking relief

26

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

28

                                               1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.     SUMMARY OF FIRST AMENDED COMPLAINT**

The First Amended Complaint identifies the following individuals as Defendants: (1) Jack St. Clair, M.D., Chief Medical Officer, Sierra Conservation Center (SCC); (2) John Krpan, M.D., SCC; and (3) John Does 1-10.

Plaintiff alleges the following:

On May 4, 2010, Plaintiff was being transported to a health care facility outside SCC when the vehicle in which he was traveling was in an accident.  Plaintiff was shackled and riding inside a cage that provided little or no protection on impact.  (Compl. at 5, 6.)  Plaintiff injured his back, neck, and legs, experienced soreness, and suffered psychological pain.  A civilian ambulance eventually arrived on the scene.  "At no time was Plaintiff questioned or examined by the medical personel [sic] or the transporting officers . . ." in spite of his repeated complaints of injury.  (Id. at 6.)  Plaintiff was returned to SCC and sent directly to his cell without medical examination.  (Id.)

On August 9, 2010, Plaintiff filed an inmate appeal regarding the denied medical care.  (Id. at 6, 7.)  According to the second level response, authored by Defendant St. Clair, Plaintiff was examined on May 4, 2010, by Defendant Krpan (after a "minor fender-

2

1 bender") who conducted a thorough examination and diagnosed Plaintiff with a minor

2 muscle strain that required no medication.  Defendant St. Clair also reported that Plaintiff

3 received medical attention again on May 5, 2010 and numerous times thereafter through

4 August 26, 2010.  (Id. at 27-31.)

5      Plaintiff does not recall being evaluated the day of the accident or at the time of

6 many of the appointments reported in the second level response, but he was seen for

7 medical treatment frequently after May 4, 2010.  (Id. at 9.)

8      Plaintiff asserts that the Defendants denied him medical treatment in violation of

9 his Eighth Amendment rights.

10 **IV.**   **ANALYSIS**

11     **A.**   **Section 1983**

12      To state a claim under Section 1983, a plaintiff must allege two essential

13 elements: (1) that a right secured by the Constitution or laws of the United States was

14 violated and (2) that the alleged violation was committed by a person acting under the

15 color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

16 Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

17      A complaint must contain "a short and plain statement of the claim showing that

18 the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

19 are not required, but "[t]hreadbare recitals of the elements of a cause of action,

20 supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S.

21 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

22 Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

23 plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility

24 that a defendant committed misconduct and, while factual allegations are accepted as

25 true, legal conclusions are not.  Id. at 678-69.

26

27

28

                            3

### B.   Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

1

### 1.   Serious Medical Need

Plaintiff alleges that he was shackled inside a cage when the vehicle in which he was traveling was involved in an accident.  Plaintiff alleges he injured his back, neck, and legs, experienced soreness, and suffered psychologically, but does not otherwise describe his injuries. His August 9, 2010, inmate appeal suggests he did not know if he was injured or not.  (Compl. at 15.)

Plaintiff has failed to allege a serious medical need.  Absent same, he cannot state an Eighth Amendment claim.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

### 2.   Deliberate Indifference

Even if the accident had left Plaintiff with a serious medical need, his allegations do not reflect that any of the Defendants were deliberately indifferent to it.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The Court's original screening order notified Plaintiff that his claims of denied medical care were contradicted by the appeal response report that Plaintiff had been attended to by medical professionals on the day of the accident, the next day after and on numerous subsequent occasions.  Plaintiff does not dispute this record.  He says only that he does not remember being treated the day of the accident or at many of the other appointments Defendant St. Clair identified.  However, he does acknowledge he was seen frequently after the accident.

5

Such allegations do not reflect that a Defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Plaintiff alleges that he complained at the scene of the accident of injuries and was ignored by the John Doe Defendants transporting him.  However, it is clear that the Doe Defendants returned Plaintiff to SCC where he was treated.  Plaintiff does not allege that the said transportation caused him harm. Jett, 439 F.3d at 1096.

The Court's preceding screening order explained to Plaintiff that a claim based on the denial of care has to allege facts demonstrating that Defendants knowingly disregarded a serious medical need.  The amended complaint does not clear this hurdle. Plaintiff has failed to identify an instance where a Defendant knowingly disregarded his needs and caused harm as a result.

The Court previously identified the pleading deficiencies described above and instructed Plaintiff on the applicable legal standards.  The amended complaint fails to address those deficiencies, fails to meet those legal standards, and gives no indication that further leave to amend could produce a different result. The court concludes that no useful purpose would be served by once again identifying the deficiencies and legal standards and inviting Plaintiff to once again attempt to do that which the facts before the Court indicate cannot be done in this case.  Accordingly, the Court recommends that Plaintiff's claims be dismissed with prejudice.

## V.   **CONCLUSION AND RECOMMENDATION**

Plaintiff's First Amended Complaint does not state a cognizable claim against the named Defendants.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   <u>September 27, 2013</u>         <u>      /s/ Michael J. Seng</u>
                                        UNITED STATES MAGISTRATE JUDGE